ALD-100                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2776
_____

DAVID HATCHIGIAN; JOAN RANDAZZO; BRIDJETTE CANNADY; MARIO
RULLO; JACLYN MAHONEY; JOSEPH J. BRANCONI; MICHELLE D. MAHONEY,
TYRONE ZACHARY; LETICA S. MARKS; JOHN GARDNER; TIMMY SMITH;
LARRY VELENTE; CHRIS GROGAN; GABRIEL R. SAFFIOTI; ROBERT H. LEVY;
CAROLYN BOXMEYER; JOHN J. FLANNERY; OLIVER YOUNG

DAVID HATCHIGIAN
Appellant

v.

EXELON CORP.; MUNICIPAL INSPECTION CORP.; PENNSYLVANIA PUBLIC
UTILITY COMMISSION; GLADYS BROWN DUTRIEUILLE, in her capacity as
Chairman and Commissioner of PAPUC; JOHN F. COLEMAN, in his capacity as Vice
Chairman and Commissioner of PAPUC; RALPH V. YANORA, in his capacity as
Commissioner of PAPUC; PECO ENERGY CO., an Exelon Co.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:22-cv-2170)
District Judge:  Honorable Chad F. Kenney
_____

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P.
10.6
March 13, 2025
Before: BIBAS, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed March 21, 2025)
_____

PER CURIAM

Appellant David Hatchigian appeals from the District Court's denial of his motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(1). For the following reasons, we will affirm.

I

In 2022, after failing to obtain relief in state court and before the Pennsylvania Public Utility Commission (PUC), Hatchigian filed what purported to be a class action in the District Court against the Appellees arising out of the loss of electrical service to a multi-occupant house he owned and rented. The Appellees filed motions to dismiss, which the District Court granted on July 12, 2023. Hatchigian did not appeal.

Hatchigian moved for relief from judgment almost a year later, on July 10, 2024, under Rule 60(b)(1). He claimed: (1) the District Court erred in dismissing his claims against PECO for lack of state action; (2) the amended complaint sufficiently alleged that PUC was a state actor; and (3) the District Court overlooked his malicious prosecution and abuse of process claims.

On September 3, 2024, the District Court denied the motion on the grounds that it was untimely. The District Court determined that Hatchigian was attempting to use Rule 60(b)(1) improperly as a substitute for an appeal and that as such it was untimely.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

Hatchigian then filed this appeal. Appellees have filed a timely motion for summary affirmance to which Hatchigian has not responded.

II

We have jurisdiction under 28 U.S.C. § 1291. Summary action is appropriate if there is no substantial question presented in the appeal. See 3d Cir. LAR 27.4. We review a district court's denial of a motion under Rule 60(b)(1) for abuse of discretion. See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008).

III

Under Rule 60(b)(1), a party may move for relief from judgment based on a "mistake," which includes legal error. See Kemp v. United States, 596 U.S. 528, 533-34 (2022). Such a motion, however, must be filed within a reasonable time and no more than one year after entry of the judgment that is challenged. See Fed. R. Civ. P. 60(c)(1). But absent exceptional circumstances, Rule 60(b) is not a substitute for appeal. See Morris v. Horn, 187 F.3d 333, 343 (3d Cir. 1999). Where allegations of legal error could have been raised on appeal, they should not be raised instead in a Rule 60(b)(1) motion filed after the time to appeal has expired. See Kemp, 596 U.S. at 538; Blitch v. United States, 39 F.4th 827, 834 (7th Cir. 2022) (noting that "a Rule 60(b) motion filed after the time to appeal has run that seeks to remedy errors that are correctable on appeal will typically not be filed within a reasonable time") (citation omitted). As the District Court explained, all of the arguments in Hatchigian's Rule 60(b)(1) motion could have been raised on appeal. The District Court did not abuse its discretion in denying the motion.

3

Because the appeal does not present a substantial question, we grant the Appellees' motion for summary affirmance and will affirm the judgment of the District Court.